**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lisa Cross,

Plaintiff,

vs.

Guidant Cardiac Pacemaker Inc.,

Defendant.

**Civil File No. 01-CV-1438 JMR/FLN**

**STIPULATION AND PROTECTIVE ORDER**

## STIPULATION

It is hereby stipulated by the parties as follows:

1. Any party may designate as confidential any documents or other information that the party hereafter produces in discovery in this action and that the party reasonably believes constitutes confidential information or proprietary information. Such information so designated is referred to as "Confidential Information" in this Stipulation and Protective Order.

2. The information and documents that a party wishes to designate as confidential shall be designated by:

(a) imprinting in a manner that does not impair legibility the word "confidential" on the first page or cover page of a document being produced;

(b) imprinting the word "confidential" next to or above an answer to an interrogatory, response to document request, or other discovery response;

JAN 11 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(c) advising the court reporter that certain deposition testimony is confidential and is to be separately transcribed and marked accordingly;

(d) advising the other party in writing within 10 days after receipt of a deposition transcript that certain portions (identified by page and line numbers) are confidential; or

(e) specifically identifying the information or documents in a writing delivered to opposing counsel.

3. Pending designation pursuant to Section 2(c) above, but not for longer than the 10-day period, the entire transcript of a deposition shall be treated as confidential.

4. If a receiving party believes that any document designated as confidential does not contain confidential information it may move for an order determining that the document need not be treated as Confidential Information under this Stipulation and Protective Order.

5. Confidential Information shall not be given, shown, made available, or communicated in any way by a party to whom it is produced in discovery to anyone other than:

(a) Counsel of record for the parties and attorneys, clerks, legal assistants, and support staff in their firms;

(b) Attorneys at Guidant Cardiac Pacemaker, Inc. ("Guidant") and their staff;

(c) The parties;

(d) The Court and its staff;

(e) Consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(f) Court reporters and witnesses in the course of and to the extent necessary to conduct depositions, but witnesses who are not within the

scope of any other provision of this Section 5 shall not be permitted to retain copies of Confidential Information shown to them in the deposition;

(g) Potential trial or deposition witnesses in the course of and to the extent necessary to conduct interviews by an attorney for a party, but potential witnesses who are not within the scope of any other provision of this Section 5 shall not be permitted to retain copies of Confidential Information shown to them;

(h) Such other persons as may be necessary to conduct the trial of this action, as ordered by the Court or agreed by the parties pursuant to Section 10 below;

(i) Such other persons as the Court may specifically approve after notice and hearing; and

(j) Such other persons as the producing party may agree in writing.

6. Before making disclosure of Confidential Information to outside consultants and experts retained to assist in preparation for trial or settlement pursuant to Section 5(e) above or to potential witnesses pursuant to Section 5(g) above, counsel shall obtain from these individuals an agreement in writing (in the form attached as Exhibit A) to be bound by this Stipulation and Protective Order. These agreements need not be disclosed to opposing counsel unless ordered by the Court in response to a good faith allegation that the provisions of this Stipulation and Protective Order have been breached.

7. The people to whom Section 5 permits disclosure of Confidential Information shall not use or communicate it for any purpose other than the trial, preparation for trial, and settlement of this action.

8. There shall be no reproduction of Confidential Information except that, as required in the course of the litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by Section 5 to receive the Confidential Information.

9. Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a protective order and shall be available for inspection only by the Court and by those persons authorized by this Stipulation and Protective Order to receive Confidential Information.

10. The parties shall attempt to agree before trial on how the Confidential Information shall be handled during trial. If the parties cannot reach agreement, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

11. Within 30 days after the final resolution of this action, the parties shall destroy or return to the producing party all Confidential Information and all copies of Confidential Information that they possess or that they have provided to people authorized by Section 5 above (except the Court). However, attorneys of record may retain for their files one copy of Confidential Information and memoranda, briefs, correspondence, affidavits, and court filings containing Confidential Information, all of which shall remain subject to this Stipulation and Protective Order. Confidential Information kept by attorneys of record shall be stored or destroyed in accordance with the practice for handling client files at the respective law firms.

12. This Stipulation and Protective Order is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the discovery

process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make any lawful use of such information.

13. Nothing in this Stipulation and Protective Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

14. A party shall be bound by this stipulation upon the signing of it by its counsel even if there is a delay in the signing of the order by the Court.

FAEGRE & BENSON LLP

Dated: 11/21/01

By [signature]
Jacqueline R. Rolfs, #222057
Holly M. Robbins, #260381
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000

Attorneys for defendant
Guidant Cardiac Pacemakers, Inc.

Dated: 12/17/01

[signature]
Kenneth U. Udoibok
2469 University Avenue
St. Paul, Minnesota 55114

Attorneys for plaintiff
Lisa Cross

**ORDER**

**IT IS SO ORDERED.**

BY THE COURT:

Dated: JAN 10, 2002

Franklin L. Noel
United States Magistrate Judge

M1:817905.01